UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Susan L. Wilson, Individually and as
Executrix of the Estate of Paul E. Wilson

        Plaintiff

vs.    CIVIL NO. 11-CV-68-JD

United States of America

        Defendant

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1. This action arises under the Federal Tort Claims Act, 28 U.S.C. §§1346(b); 2671-2680.

### PARTIES

2. The plaintiff, Susan Wilson, Individually and as Executrix of the Estate of Paul E. Wilson, is a citizen and resident of Groveton, County of Coos, State of New Hampshire.

3. The defendant, United States of America, is the party being sued for the conduct of agents or employees of the White River Junction Veterans Administration Medical Center, which is organized under and operated by the United States Department of Veterans Affairs.

### JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. §1346(b), and the Federal Tort Claims Act, 28

U.S.C. §2671, et seq.

5. Venue is proper in the United States District Court for the District of New Hampshire under 28 U.S.C. §1391(e).

6. Pursuant to 28 U.S.C. §§1346(b) and 2675, these claims against the United States of America were presented to the Department of Veterans Affairs on February 24, 2010. The Department of Veterans Affairs denied these claims on August 24, 2010. This complaint follows.

## FACTS

7. On April 2, 2008, the defendant, through its employees at the White River Junction VA Medical Center, unnecessarily amputated Paul Wilson's left lower leg due to an unidentified retained foreign body that had become embedded in his bone marrow.

8. On that date, Paul Wilson was a 57-year old married man and his left lower leg was viable. Susan Wilson was at all times pertinent to this action the wife of Paul Wilson.

9. Prior to the defendant removing his left leg, Paul Wilson had been under the defendant's care for ongoing treatment of a chronic diabetic left heel ulcer.

10. On January 4, 2008, the defendant, through its employee John Connolly, DPM, removed a synthetic bone matrix from the left heel wound and placed an angiocatheter into the wound for antibiotic flushes.

11. On January 22, 2008, Dr. Connolly and Thomas Taylor, M.D., created a treatment plan to place a VAC dressing system with antibiotic irrigant and a PICC line. The VAC dressing was placed on January 24, 2008 and Paul Wilson was discharged home on January 25, 2008.

12. Between January 28 and February 6, 2008, VNA nurses changed Paul Wilson's VAC dressing and called the defendant at least two times to report his worsening

symptoms and difficulty with the dressing and antibiotic irrigation.

13. On February 7, 2008, the defendant finally saw Paul Wilson, who by then was suffering from severe signs and symptoms of infection such as fevers, chills, hyperglycemia, diarrhea and increasing foot pain. The defendant admitted Paul Wilson to its facility at the VA Medical Center at White River Junction.

14. During this admission, on February 12, 2008, an MRI of Paul Wilson's left lower extremity was performed, which showed narrowing of the drainage tract and findings consistent with debris or hematoma within the calcaneus cavity. Residual bone or bone cement could not be excluded by the radiologist on this study. On February 13, 2008, a CT Scan was performed which showed abnormal uptake of the left calcaneus.

15. The defendant, through Dr. Connolly, reviewed these films and ordered only that IV antibiotics and antibiotic flushes of the wound be continued. The defendant discharged Paul Wilson to home on February 22, 2008.

16. Throughout March 2008, Paul Wilson suffered from progressively worsening symptoms of infection including excruciating foot pain, nausea, vomiting and diarrhea. His pain was so intense during this month that he was admitted to the defendant's facility twice for hospitalization and a decision was made to perform a below the knee amputation.

17. Paul Wilson's leg was amputated on April 2, 2008 at the defendant's facility. After amputation, the leg was found to be viable, with smooth bone and patent vessels. The leg was also found to have a 3.1 x 1.2 x 1.5 cm black fibrous packing material consistent with a VAC dressing sponge deep and impacted into the marrow of the cavity in the calcaneus bone.

18. After losing his left lower extremity, Paul Wilson suffered from ongoing pain and complications. He underwent at least three additional surgical debridements, two stump

revisions, an I & D and an above-the-knee amputation. He required extensive physical therapy. He had a prosthesis and has required a wheelchair, walker, crutches and canes to assist him with ambulation. He incurred extraordinary medical, therapeutic and equipment expenses.

He had ongoing pain, suffering and emotional distress. His marital relationship was affected. He suffered a significant loss of enjoyment of life.

19. On May 31, 2012, Paul Wilson unexpectedly passed away.

20. On June 25, 2012, Susan Wilson was appointed Executrix of her husband's estate by the 1st Circuit Probate Division of the New Hampshire Circuit Court.

## COUNT I

21. The plaintiff incorporates by reference each allegation contained in paragraphs 1-20.

22. The defendant, United States of America, acting through its agents at the White River Junction VA Medical Center, had a duty to possess the degree of knowledge or skill and exercise the degree of care ordinarily exercised by a reasonable, skillful, careful and prudent healthcare practitioner engaged in a similar medical practice under similar circumstances.

23. The defendants agents either lacked the requisite degree of knowledge or skill or failed to exercise that degree of care in the course of their treatment of Paul Wilson. The defendant's failures to meet the applicable standards of care include, but are not limited to, the failure to appropriately manage Paul Wilson's wound care and infection in his left lower extremity; the failure to use appropriate medical and surgical interventions in Paul Wilson's care and treatment; the failure to order appropriate consultations; the failure to order appropriate diagnostic tests and procedures; the failure to identify the foreign body embedded in Paul Wilson's bone marrow; the failure to remove the foreign body embedded in Paul Wilson's bone

marrow; and the failure to otherwise appropriately manage Paul Wilson's wound care and infection.

24. Had the defendant appropriately managed Paul Wilson's wound care and ordered the appropriate consultations and surgical interventions, the retained foreign body would have been discovered and removed, Paul Wilson's infection would have been appropriately treated Paul Wilson would not have lost his left leg.

25. As a direct and proximate result of the defendant's failures, Paul Wilson suffered from a progressively worsening, painful and unremitting infection, and his viable left lower extremity was amputated. He suffered devastating, permanent injuries, deformity and disfigurement. In the years prior to his death, Paul Wilson suffered from significant chronic pain and emotional distress and an extreme loss of enjoyment of life. He and his Estate have incurred significant medical, therapy and extraordinary expenses.

26. For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $10,000,000.00 (ten million dollars) plus interests and costs and for such further relief as this Court deems just and proper .

## COUNT II

27. The plaintiff incorporates by reference all allegations contained in paragraphs 1-26.

28. The plaintiff, Susan Wilson, was at all times relevant to this action the wife of Paul Wilson.

29. As a direct and proximate result of the defendant's failures, Susan Wilson has suffered and continues to suffer from a loss of consortium through the loss of the care, comfort, society, services and companionship of her husband, Paul Wilson, and she has suffered from

significant emotional distress and a loss of enjoyment of life.

    30.    For these losses, the plaintiff demands judgment against the defendant, United States of America, in the amount of $5,000,000.00 (five million dollars) plus interests and costs and for such further relief as this Court deems just and proper.

        Respectfully Submitted,

        Susan L. Wilson, Individually and as
        Executrix of the Estate of Paul Wilson

        By Her Attorneys,

        ABRAMSON, BROWN & DUGAN, P.A.

DATED: July 9, 2012        BY:   /s/ Holly B. Haines
        Holly B. Haines, Esquire (NH Bar # 14559)
        1819 Elm Street
        Manchester, NH 03104
        (603) 627-1819
        HHaines@arbd.com